# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| JEFFREY HARREN, | : | MOTION TO VACATE |
| Reg. No. 59744-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 3:09-CR-3-TCB-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 3:14-CV-143-TCB-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant, Jeffrey Harren,[1] confined in the Williamsburg Federal Correctional Institution in Salters, South Carolina, has submitted a "motion to dismiss indictment, conviction and sentence for lack of exclusive legislative and subject matter jurisdiction." [Doc. 32]. The Court has filed an Order construing that motion as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. [Doc. 33].[2] The construed motion to vacate is presently before me for preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the

---

[1] Movant spells his last name as Harren, and the same spelling appears in his criminal judgment and commitment. [*See* Docs. 31, 32, 34]. However, Movant's last name is spelled as Haren in the indictment. [*See* Doc. 1].

[2] Movant subsequently filed a document that the Clerk construed as an objection to the Court's Order. [*See* Doc. 34].

United States District Courts. For the reasons discussed below, I recommend that the construed motion to vacate be dismissed.

I.  Discussion

On June 9, 2009, Movant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). [Docs. 1 and 28]. On August 12, 2009, the Court entered a judgment and commitment, which memorialized Movant's sentence of 188 months of imprisonment followed by five years of supervised release. [Doc. 31 at 2-3]. Movant did not appeal. On September 3, 2014, Movant filed his construed motion to vacate. [Doc. 32 at 1].

Summary dismissal of a motion to vacate is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). In the present case, Movant's conviction became final on August 26, 2009, when the time to file a direct appeal expired. *See* Fed. R. App. P. 4(b)(1)(A)(i). The one-year statute of limitations applicable to a motion to vacate, as provided in 28 U.S.C. § 2255(f)(1), expired on August 26, 2010.[3] Movant filed his construed motion to

---

[3] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks

vacate approximately four years after the expiration of the statute of limitations. Movant has not presented anything to (1) justify equitable tolling,[4] or (2) demonstrate actual innocence.[5] Therefore, the construed motion to vacate should be dismissed as untimely.

II.  Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

---

omitted).  Additionally, there is no claim in this case that the circumstances set forth in 28 U.S.C. § 2255(f)(2)-(4) apply.

[4] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[5] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).  To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the construed motion to vacate is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a

4

certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

III. Conclusion

Based on the foregoing, I **RECOMMEND** that the construed motion to vacate [Doc. 32] be **DISMISSED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to me.

**IT IS SO RECOMMENDED**, this ___7th___ day of ___October___, 2014.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)